Nash, J.
 

 Upon examining the evidence in this case, the' Court is satisfied, that in the compromise of the suits, brought1 by the sureties of Mrs. Purdy against Mr. Gary as a guarantee,nothing more was settled, than their claims against
 
 him •
 
 that nothing more was intended-by the parties tobe included and that in fact it extended no farther. It did not embrace the claim, now urged by the plaintiff, and he is at liberty, notwithstanding said compromise, to urge his present suit. They are further of opinion, that it is not necessary to decide upon' the question, whether the recovery made by the plaintiff against William B. Lockhart, as executor of Mrs. Purdy, was' obtained by'fraud or not, as they are satisfied, for the reasons hereinafter stated, that the said recovery was a mere nullity. The important question presented by the case is, have now the defendants the right to plead the Statute of 1715, in bar of the plaintiff’s claim? William B. Lockhart, the executor, as he is called, of the will of Mrs. Purdy, is a party defendant and has not’pleaded it. Can the other defendants, who are" really the parties interested, do so ? This involves the question,-in what character is William B. Lockhaft, to be considered; is he the executor, strictly speaking, of Mrs. Purdy’s wilU or is he merely an appointee, to carry into execution the trust, which the law annexes to the appointment' of Mrs. Purdy?' It is deemed unnecessary, at’this time, to enter into an elaborate history of the power of
 
 feme coverts
 
 to make wills, with or without the consent of their husbands. The paper produced in this case, as the will of Mrs. Purdy, is an execution of a power secured to her, when she was discovert, and in every respect capable, not only of binding herself, but of bind-ing such persons as contracted with her.- She, in pursuance of the power thus secured to her, executed,- before two wit-'
 
 *446
 
 nesses, the instrument'she calls her
 
 will.
 
 Such a testamenta* ry paper, before it can be available, either in law or equity, must be regularly proved before the proper tribunal. In a courj. 0p equity sue{1 probate alone will not suffice ; for the courts of probate, in such cases, do not feel themselves called on to examine, whether the appointment is authorized by the power.- There are other special circumstances, connected with a testament, which are not trusted to a court of probate, and which the grant of probate does not determine, but leaves open to the temporal courts. Upon the probate, therefore, before the ordinary, a court of equity does not aet, but requires that the instrument shall be proved, before them, to be such as was required by the power. The witnesses, therefore, must be called to prove that the instrument, when the
 
 feme covert
 
 has power to appoint, was her act and is duly executed according to the requirements of the power.
 

 In this case, the will of Mrs. Purdy has been admitted to probate before the appointed tribunal, find in this court is admitted by the answers to be duly executed, under the power given her by the marriage contract, for only under it, as such, can they claim the negroes at all. The court is, therefore, of the opinion that the will of Mrs. Purdy has been properly proved, and is a sufficient execution of the power secured to her.- In her will, she refers to the marriage contract, as governing the interests she conveys, and that is satisfactory evidence, that she considered herself as executing
 
 the
 
 power. What then is the character and power of William B. Lock-hart under that paper
 
 1
 
 Is he in the sense, in which the law understands the term, an executor ? We think not; we consider him here but as an appointee in trust, to carryout the intentions of the appointor, as either expressed by her or implied in law. By this paper, Lockhart, though called an executor, is not strictly and properly such, even in the view of a Court of Equity, because Mrs. Purdy had no seperate
 
 estate
 
 in the negroes, which she could bequeathe. When a
 
 feme covert
 
 has such estate, she may make a will and appoint an executor, and such executor shall be her general representative.
 
 Hulme
 
 v.
 
 *447
 
 Tenant, 1 Brow. C. C. 16.
 
 Fettiplace
 
 v. Gorges, 1 Ves. Jr. 46.
 
 Peacock
 
 v.
 
 Monk, 2
 
 Ves. Sr. 191.
 

 But though it be true, that, in this case, Mrs. Purdy could aot constitute Lockhart an executor, properly so called, it does not follow that his nomination is necessarily unmeaning, and to be rejected altogether. The paper is not a testament of personal estate, but it is an appointment under the power in Mrs. Purdy. It is an appointment of the whole property, over which she had a power, and she has no other property. Then the enquiry is, what is the meaning of such an appointment of Lockhart as executor, in such an instrument ? It is apparent from reading the paper, that Mrs. Purdy thought she was disposing of her separate property, and in that view she appointed an executor. But it turns out, the instrument cannot operate in that way, but is only an appointment, and it is the necessary construction of it, that, as the property would have vested in Lockhart, by virtue of his appointment as executor, so he must be intended to take to the same extent, and for the same purposes, as appointee in the instrument. "What else could she mean by nominating an executor, but that he should take the estate in that way, in trust for creditors in the first instance, and then .for the several appointees mentioned in the instrument? It is said, there was no necessity for an executor, as the creditors have the same remedy against the children, as appointees. But there was the same necessity, as in ordinary cases of executors to wills. One is, that creditors may obtain satisfaction from a single source, instead of going against all the legatees, and also that the interest of the creditors and legatees may be protected by a competent person. Here the ultimate appointees were a married woman, children and unborn grandchildren, and the appointment of some person, as executor, to act
 
 quasi
 
 in that character, was convenient and useful. Under these considerations, we hold this appointment.to be in the first instance to Lockhart, to pay the debts of Mrs. Purdy, and then for the use of the other appointees, as if he were regularly an executor, and they were regularly legatees. Equity holds, that where an individual has a gen-
 
 *448
 
 power of appointment over a fund, and actually makes appointment according to his power, the property appointed shall form a part of his assetts in equity, for the payment of his debts, in preference to all claims upon him, by volunteers, either as legatees or appointees. Sugden on Powers,
 
 2
 
 Vol. p. 30, and the authorities there cited. Lockhart then being an appointee in trust, the creditors of Mrs._ Purdy could no more reach the property in his hands by an action at law, than if the appointment had been direct to the defendants. They could reach the assetts only through the aid of a Court of Equity. The judgment at law;, obtained by the complainant against Lockhart, was therefore void, and, of no effect, and could not, as we are disposed to think, break, of itself, the running of the statute of 1.715. Lockhart is a necessary party to this bill. To him is entrusted the right and the duty to take care of the property of the appointor, and, when called into a court of justice, to defend it. It is somewhat doubtful, whether the ultimate appointees are necessary parties.
 
 Lash
 
 v.
 
 Hauser, 2
 
 Ired. Eq. 493.
 
 Castlelon
 
 v.
 
 Fanshaw,
 
 Pre. in ,ch. 100.
 
 Exparte,
 
 Dundney, 15 Ves. 498. But if they are necessary, it is because they are interested in the fund, and may have a right to see, that the trustee or appointee makes all the .defence he is by law bound to make, or because they are in possession of the fund. It is well settled, both in England and this country, that the executor may or may not at his pleasure, plead the statute of limitations. It is indeed more prudent, .that he should do so, but he cannot be compelled to plead it, by a legatee. He is the
 
 pars principalis
 
 or
 
 legiiimus contradictor,
 
 who is bound and authorized to act for all persons entitled to interests under the will as legatees.
 
 Redmond
 
 v.
 
 Collins,
 
 4 Dev. 441.
 
 Williams against Maitland,
 
 1st Ired. Eq. 92. And the legatees are bound by his act :
 
 11
 
 he alone brings a bill for an equitable money demand the testator. He is the only party necessary by a creditor for an account of the assetts, neither the particular nor the residuary legatees being required, though their interest may be affected.”
 
 Redmond
 
 v.
 
 Collins,
 
 4 Dev. 441. In this case,
 
 *449
 
 Lockhart, the appointee in trust, and a defendant, admits in his answer, that he has never paid to the plaintiff the money claimed by h,im, and he does not plead the statute of limita•tions, and we hold that the defendants, who are the appointees, ,can have no right so to do. If the negroes had been in the .possession of Lockhart, there is no question but he might have paid the debt due to the plaintiff,.although barred by .the statute, without exposing himself to the liability of paying over to the ultimate appointees.
 
 Williams
 
 v. Maitland, 1 Ired. Eq. 92.
 

 Per. Curiam, decree for the plaintiff